UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CDCS# 2010A53265
Case No.:

UNITED STATES OF AMERICA §
§
§
vs. §
§
§
MARIA MEDINA A/K/A MARIA E CAPOTE, §

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Miami-Dade County, Florida within the jurisdiction of this Court and may be served with service of process at PERSONAL AND CONFIDENTIAL 10240 SW 56TH ST STE 108, MIAMI, FL 33165.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $26,142.17 |
| B. Current Capitalized Interest Balance and Accrued Interest as of May 8, 2012 | $16,949.59 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied (Debtor payments, credits, and offsets) | $0.00 |

| | |
|---|---|
| E. Attorneys fees | $500.00 |
| **Total Owed** | $43,591.76 |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

**Newman & Marquez, P.A.**

Date: 5/21/12

By: _____

Jennifer Margolis Marquez
Florida Bar Number 0770701
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel.305-665-9633
Facsimile 305-666-9714
Email: jenmargolis@bellsouth.net

# EXHIBIT "A"

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Maria E Medina
1052 SW 78th Pl
Miami, FL 33144-4250
Account No. XXXXX

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/24/10.

On or about 03/05/88, the borrower executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Citibank (New York State) Rochester, NY. This loan was disbursed for $22,291.89 on 06/14/88, at 9.00 percent interest per annum. The loan obligation was guaranteed by United Student Aid Funds, Inc, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 12/26/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $35,243.43 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/05/01, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $10,970.63 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $26,142.17 |
| Interest: | $12,149.56 |
| Total debt as of 04/24/10: | $38,291.73 |

Interest accrues on the principal shown here at the rate of $6.44 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/10/10

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

# Loan Consolidation Application And Promissory Note

WARNING Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

## SECTION I — PERSONAL INFORMATION — PLEASE READ INSTRUCTIONS

1. Social Security Number: [redacted]
2. Last Name: MEDINA    First: MARIA    M.I.: E
3. Birthdate: [redacted] 63
   Permanent Home Address: 8301 SW 16 Terr    Apt No:
   City: Miami    State: FL    Zip: 33155
4. Area Code/Phone No for Item 2: [redacted]-4436
5. Driver's License State and Number: FL [redacted] 969
6A. Employer Name: DOCTOR'S WEIGHT LOSS CENTER
6B. Employer Phone Number: [redacted]-4993
   Employer Address: 4999 W 8 Ave    City: Hialeah    State: FL    Zip: 33155

7A. Name and address of a relative not living with you:
Eugenio Medina
56-10 94 St Apt 4L
Elmhurst NY ZIP 11373
Telephone: [redacted]-9330

7B. Name and address of another person who knows you and your address:
Maritza Borroto
1433 SW 92 Pl
Miami, F ZIP 33155
Telephone: [redacted]-4456

7C. Name and address of another person who knows you and your address:
Juvenal Pina
1250 NE 125 St Apt 305
Miami, F ZIP
Telephone: [redacted]-1488

## SECTION II — STUDENT LOAN INFORMATION

8. Student loans I wish to have consolidated (be sure to read the instructions for 8C, 8D and 8G)

| | A. Creditor/Servicer Name & Address | B. Account Number | C. Type of Loan | D. Guarantor | E. Current Balance | F. Interest Rate | G. Date Repayment Began/Will Begin |
|---|---|---|---|---|---|---|---|
| (a) | Citibank | [redacted] | 1115 GSL | | 18,218.97 | 9% | 11-88 |
| (b) | Citibank | [redacted] | 3012 ALAS | | 2885.77 | 12% | 9-87 |
| (c) | | | | | | | |
| (d) | | | | | | | |
| (e) | | | | | | | |
| (f) | | | | | | | |
| | | | | TOTAL | 21,104.74 | | |

9. Student loans I wish to have considered for purposes of determining my repayment schedule but that I do not wish to have consolidated
DO NOT DUPLICATE LOANS LISTED IN ITEM 8

| | A. Creditor/Servicer Name | B. Account Number | C. Type of Loan Program | D. Estimated Current Balance |
|---|---|---|---|---|
| (a) | | | | |
| (b) | | | | |
| (c) | | | | |
| | | | Total | |

## SECTION III — REPAYMENT OPTIONS

10. I prefer ("X" one)  ☐ Level Payment Schedule  ☒ Graduated Payment Schedule - if available

## SECTION IV — PROMISSORY NOTE AND BORROWER CERTIFICATION

Promise To Pay and Borrower Certification: I, the undersigned borrower, promise to pay to you or your order a sum certain equal to the loan amount as identified in my Disclosure Statement and Repayment Schedule which will be provided to me at the time my former creditors have discharged my obligations on the loans selected for consolidation. In the event the Disclosure Statement conflicts with any information on the Application and Promissory Note, the Disclosure Statement will apply. I declare under penalty of perjury under laws of the United States that the information provided on this Application is true and correct. I will not sign this Note before reading it, including the terms which continue on the reverse side, even if otherwise advised. I further certify that I am not now in default on a Perkins Loan (formerly National Defense/Direct Loan), or a Guaranteed Student Loan (including Federally Insured Student Loan), or a Supplemental Loan for Students (including ALAS Loan) that I have selected for consolidation. I also certify that I am in repayment status or in a grace period preceding repayment and not more than 90 days delinquent on any of the loans listed above that I have chosen for consolidation. In addition I certify that I have no consolidation loan application pending with another lender. I hereby authorize the holder(s) of any of my loans which make up the consolidation loan to pay the Consolidating Lender any refund which may be owed to me. I understand that my SLS/ALAS Loans may be refinanced at the current annual variable rate as determined by the Secretary of the United States Department of Education (hereafter called the Secretary) in accordance with the Higher Education Act of 1965, as amended (hereafter called the Act) as a part of this consolidation. I am entitled to an exact copy of this note. By signing this note, I acknowledge that I understand and agree to its conditions and have received an exact copy hereof.

11. Borrower Signature: X Maria E. Medina    Date: 3/5/88

NOTICE TO BORROWER: Terms of the Promissory Note continue on reverse side. Be sure you have completed Section I, II, III and signed the Promissory Note in Section IV before mailing to Citibank.

## SECTION V — TO BE COMPLETED BY CITIBANK

12. [ ]
13. Name and Address of Lending Institution: CITIBANK (NEW YORK STATE) P.O. BOX 92908 ROCHESTER, NY 14692-9008
14. Antic Disb Date:
15. First Payment Due Date:
16. New Loan Balance:
17. Term:
18. Rate:
19. Area Code/Phone Number: 800-828-6103
20. Lender Code: 826878
21. Signature of Authorized Lending Official:    Print or Type Name and Title:    Date:

White-Citibank  Yellow-USAF  Pink-Borrower
USA Funds Form 115LC
Return white and yellow copies to Citibank
Keep the pink copy for your records
Copyright © United Student Aid Funds, Inc 1987
All rights reserved

# Additional Terms of the Promissory Note for a Consolidation Loan

**II. Date Note Becomes Due:** The repayment period on this loan begins when the loan is disbursed. The first payment is due within 60 days of disbursement, except that I may be entitled to deferment of principal until a later date. See the section titled "Deferment". Payments will be made in monthly installments in accordance with the repayment schedule which will be provided to me at the time my former lenders have discharged my obligations on the loans selected for consolidation.

**III. Interest:** I agree to pay simple interest on the unpaid principal balance from the date the repayment period begins until the entire principal sum and accrued interest are paid in full. I shall be responsible for the payment of all the interest that accrues on this loan in accordance with the terms of the repayment schedule. This consolidation loan note shall bear interest at an annual rate, which is fixed for the term of the loan, on the unpaid principal balance of this loan which is equal to the weighted average of the interest rates on the loans consolidated, rounded to the nearest whole percent, except that such interest rate shall not be less than nine percent (9%). If any of my SLS (formerly called student PLUS or ALAS) loans are to be consolidated they will first be refinanced at the current annual rate as determined by the Secretary and authorized by the Act, if that rate is lower than my current fixed rate and then be immediately consolidated into this account. I will not receive any separate documentation evidencing refinanced loans.

**IV. Guarantee Fee:** I will not be charged a guarantee fee for my consolidated loans.

**V. Default:** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due or to meet other terms of the promissory note under circumstances where the guarantor finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that the failure persists for 180 days for a loan repayable in monthly installments or 240 days if it is repayable in less frequent installments. After sending such notice to you, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have taken to take because of any other agreement between you and me. If I default I will still be required to pay interest on this loan as provided for interest, Paragraph III, from the date of default. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable, the lender, holder or guarantee agency may disclose to schools I have attended or am currently attending) the information about the default, and I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Byrd Scholarship, Supplemental Educational Opportunity Grant, College Work Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Student Loans (SLS), PLUS Loans or Consolidation Loans. A default also makes me ineligible for the benefits of any, which I may qualify for as described under Deferment, Paragraph VIII.

**VI. Late Charges and Collection Costs:** If any payment has not reached you within 10 days after its due date or if I also provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted, which rate charged shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the statutorily authorized fees of an outside attorney and court costs that are permitted by Federal laws and regulations for the collection of this loan, which you incur in collecting this loan. If this loan is referred for collection to any agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs to the extent authorized under such Act.

**VII. Additional Agreements:** I understand that the proceeds of this Consolidation Loan will be sent to the lending institution(s) listed on my application for the purpose of paying off the loan(s). Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If the guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the guarantor will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. In this Note the words I, me, and my mean the borrower identified in the Application. You, your and yours mean the lender and any other owner of the Note. If the borrower becomes totally and permanently disabled, or dies, his/her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note. If the lender sells the loan or otherwise transfers the right to receive payment I must be sent a clear notification which spells out my obligations to the party to whom my loan was sold. I will have the same rights and responsibilities with the subsequent holder that I have with regard to the lender. This Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state, and a subsequent holder of this Note cannot be a holder in due course. The proceeds of this loan are to be used solely to discharge my outstanding student loan obligations described in the itemization of loans consolidated section of this Application and Promissory Note. The terms of this loan will be interpreted in accordance with the Higher Education Act of 1965, as amended, and State law and regulations which govern the USA Funds Loan Consolidation Program.

**VIII. Deferment:** I am entitled to deferments under the Higher Education Act, as amended, and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. Payment of principal on my loan may be deferred during the repayment period if I am not in default and I comply with applicable State and Federal loan consolidation regulations published pursuant to Section 428C of Title IV, Part B of the Higher Education Act of 1965, as amended, in the following circumstances:

1. While I am engaged in—
   a. at least half-time study at a school that is participating in the GSLP, unless I am not a citizen or a national of the United States and attending a school outside the United States, and if I receive a loan under the GSL or SLS programs for the enrollment period, or
   b. full-time study at a school participating in the GSLP, unless I am not a citizen or a national of the United States and attending a school outside the United States, or enrolled in full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal government (e.g., the service academies), or pursuing
   c. an eligible graduate fellowship program, or
   d. an eligible rehabilitation training program for disabled individuals
2. For periods not exceeding 24 months while I am conscientiously seeking but unable to find full-time employment in the United States
3. Up to three years during which the borrower is temporarily totally disabled or during which the borrower is unable to secure employment because he or she is caring for a spouse or dependent who is temporarily totally disabled

**IX. Forbearance:** I must notify my lender when the condition entitling me to the deferment no longer exists. If I am unable to make the scheduled payments for reasons of hardship, I may be eligible for forbearance of payments of the loan as provided in the guarantor's Regulations and at the discretion of the lender.

**X. Repayment by Department of Defense:** Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (PL. 96-342; 10 U.S.C. 2141, note). Questions concerning the program should be addressed to the local recruiter for the services involved. This program is a recruiting program and does not pertain to prior service by an individual or those not eligible for enlistment in the Armed Forces.

**XI. Repayment:** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full, unless the whole loan is due as described in Default, Paragraph V. Prior to the due date of this Promissory Note, you will send to me a Disclosure Statement which establishes the particular repayment terms that will become part of this Promissory Note and the total number of years I will repay this loan. However, if I qualify for any benefit described under "Deferment" in this Promissory Note, or if the lender grants forbearance, those periods will not be included in the repayment period mentioned on the Disclosure Statement.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as repayment disclosure, that the Lender will provide to me, normally just before the repayment period begins.

I understand that my status as an eligible borrower under this Loan Consolidation Program under section 428C of the Act terminates upon my receipt of this loan, except with respect to loans received after the receipt of this loan.

**XII. Prepayment:** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XIII. Credit Bureau Notification:** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guarantor will also report the default to all national credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.

The lender, holder or guarantee agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**NOTICE TO BORROWER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**